RALPH E. CRELLIN, Respondent, v. BENJAMIN F. VAN DUZER et al., Appellants.— Same decision and like cause of action as in companion case of *Crellin* v. *Van Duzer* (*ante,* p. 794).    Present — Talyor, P. J., Dowling, Harris, McCurn and Love, JJ.·

SYRACUSE TRANSIT CORPORATION, Respondent, v. CITY OF SYRACUSE, Appellant.— Order affirmed, with $10 costs and disbursements.    All concur.    (The order overrules objections to certain causes of action in plaintiff's complaint and denies defendant's motion to dismiss said causes of action.)    Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.    [See *post,* p. 875.]

ALEXANDER DI S. SULLIVAN, Appellant, v. WILLIAM W.· CEASE, Respondent, et al., Defendants.— Judgment and order affirmed, with costs.    All concur. (The judgment is for defendants for no cause of action under an alleged breach of implied warranty as to food.    The order denies a motion for a new trial.) Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.

MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v. SAMUEL SAPOWITCH, as Administrator of the Estate of GEORGE SIMON, Deceased, et al., Defendants, and FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Interveners, Appellants.— Judgment, so far as appealed from, reversed on the law and facts, with costs, and complaint dismissed, with costs.    Order setting aside verdict reversed on the law and verdict reinstated.    Motion of the defendant Fidelity and Casualty Company of New York for the direction of a verdict against the plaintiff for $15,225 and interest from February 24, 1942, granted. Motion of the defendant·United States Guarantee Company for the direction of a verdict against the plaintiff for $5,075 and interest from February 24, 1942, granted.    Motion of the defendant Great American Indemnity Company·for the direction of a verdict against the plaintiff adjudicating that the title to the six Narragansett bonds is in it free and clear of all liens and encumbrances and directing the plaintiff to deliver said bonds to it granted, and judgment for each of the appellants is directed to be entered accordingly.    Certain findings of fact and conclusions of law disapproved and reversed and new finding of fact made.    Memorandum: We think the plaintiff failed to establish that it acted in good faith when it accepted the bonds as collateral security for the loans it made to Shuman and that the verdict of the jury is supported by a preponderance of the evidence and that the court erred in setting it aside. All concur, except Harris, J., not voting, and McCurn, J., who concurs as to the reversal but otherwise dissents and votes for a new trial on the ground that the finding of lack of good faith, by the jury, is against the weight of evidence.    (The portion of the judgment appealed from is for plaintiff in an action to foreclose an equitable lien.    The order grants plaintiff's motion to set aside a verdict in favor of the intervening defendants, denies motions by the interveners for a directed verdict, and grants plaintiff's motion for a directed verdict.)    Present — Taylor, P. J., Dowling, Harris, McCurn and Love, JJ.